## DICKINSON v. A. PLAMONDON MANUF'G CO.

(Circuit Court, N. D. Illinois. June 29, 1896.)

**PATENTS FOR INVENTIONS—INFRINGEMENT—BRICK MACHINES.**

Letters patent No. 315,855, issued April 4, 1885, to Albert D. Thomas; No. 324,453, issued August 18, 1885, to John J. Brewis; No. 375,660, issued December 27, 1887, to Albert D. Thomas; and No. 395,871, issued January 8, 1889, to John J. Brewis,—for improvements in brick machines, which operate by filling and compressing pulverized clay in plungers that approach each other with varied relative motions, are not infringed by a device which, while accomplishing the same result in much the same way, is mechanically different from the patented machines.

In Equity.

Suit for injunction by Henry C. Dickinson against the A. Plamondon Manufacturing Company to restrain the alleged infringement of certain patents.

Offield, Towle & Linthicum, for complainant.

Jesse Cox and L. L. Bond, for defendant.

GROSSCUP, District Judge. The bill is to restrain the infringement of letters patent to Albert D. Thomas, dated April 4, 1885, No. 315,855; to John J. Brewis, dated August 18, 1885, No. 324,453; to Albert D. Thomas, dated December 27, 1887, No. 375,660; to John J. Brewis, January 8, 1889, No. 395,871. All of these patents are for new and useful improvements in brick machines. These machines operate by filling and compressing pulverized clay in molds by plungers, which have peculiar motions, by which they approach each other from the top and bottom with varied relative motions, until the clay is compacted into very hard, dense, and well-united bricks, which are then pushed up out of the molds, and removed, while the molds are again filled for making more brick in a like way. One of the advantages claimed is that at a moment during this process there is a slacking of pressure, during which period the particles of clay in the molds, still held under pressure, have time to flow together or coalesce solidly, the continuance of the upward motion tending to break the first set of the particles to the walls of the mold, so that the final pressure can compact the whole brick uniformly to the center. There is, then, an additional increase of pressure to finish the compression of the brick. Other motions of the plungers free the brick of the top plunger, and bring the lower one to a level of the opening from which it is taken. These motions of the plungers are brought about by the mechanism described in the complainant's patents.

Brick machines themselves are old, and there is no claim in these patents to any process. The claims are simply for the mechanism, and this, in its elements, is admittedly old. In the conclusion to which I have come in this case, it will be useless to set out the complainant's mechanism at large. I am of the opinion that the complainant's claims must be strictly interpreted, and are limited to the particular mechanism set forth. I am of the opinion, also, that the

defendant's machine, while accomplishing the same result, in much the same way, is not an embodiment of the complainant's mechanism. It seems to me that the fulcrum action of the defendant's machine, though performing, of course, the same function as that of the complainant's machine, is mechanically different, and is, in point of strength and durability, very superior. Indeed, the proof does not satisfy me that the complainant's machine is practical, and would answer the purposes of continual everyday strain; while the defendant's machine is constructed on such lines as instantly show its durability and strength.

A decree may be entered finding that the defendant's machine is no infringement of the complainant's patents, but containing no finding upon the validity of the complainant's patents, and dismissing the bill.